UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BRENDA PAGE TUCKER,<br><br>                              Plaintiff,<br>v.<br><br>FLEXSTEEL INDUSTRIES<br>INCORPORATED d/b/a FLEXSTEEL and<br>DONNELL LAMB<br>                              Defendants. | Civil Action No.: 3:19-00555-JMC<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

This is an action for personal injuries arising out of a tractor trailer collision that occurred on April 22, 2016. The Plaintiff, upon information and belief, respectfully alleges and will show the following:

1. Brenda Page Tucker sustained serious personal injuries requiring surgery as a result of a tractor trailer collision that occurred on the morning of April 22, 2016 on Interstate 20 in Richland County.

2. Mrs. Tucker, the Plaintiff, was and still is a citizen and resident of Kershaw County, State of South Carolina.

3. Defendant Flexsteel Industries, Inc. d/b/a Flexsteel, USDOT Number 45141 (hereinafter "Flexsteel Industries"), is a foreign corporation organized and existing under the laws of the State of Iowa and maintains agents and servants in the State of Iowa for the purpose of carrying on its business throughout the country.

4.     Flexsteel Industries has appointed a registered agent for service of process, Corporation Service Company, 505 5th Avenue, Suite 729, Des Moines, Iowa 50309.  Once served with process, Flexsteel Industries is subject to the jurisdiction and venue of this Court.

5.     At the time of the acts and omissions described herein, Defendant Lamb resided at 200 Chase Drive in East Dublin, Georgia located in Laurens County.  Once served with process, he is subject to the jurisdiction and venue of this Court.

6.     At all times pertinent to this Complaint, Defendant Lamb was engaged in work activity as an employee, servant, and/or agent of Flexsteel Industries, was acting within the course and scope of his employment and was acting in the furtherance of Flexsteel Industries' business.

7.     Both Defendants are properly named herein.

8.     At all times material to the tractor trailer collision which forms the basis of this action, Flexsteel Industries was a for-hire, interstate motor carrier authorized to operate in and through the State of South Carolina for profit pursuant to one or more permits to operate.

9.     Pursuant to 28 U.S.C. Section 1332, this court has jurisdiction based upon complete diversity of citizenship of the parties and based upon the amount in controversy exceeding $75,000.

10.    Pursuant to 28 U.S.C. Section 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Columbia Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in Richland.

## **FACTS**

11.    On or about the morning of April 22, 2016, Mrs. Tucker drove her 2012 Chevrolet Malibu bearing Texas license plate DX6Z588.

12. Leading up to the collision, Mrs. Tucker traveled Westbound in the right lane of travel. This portion of Interstate 20 is comprised of three lanes Westbound and three lanes Eastbound.

13. On the same date and at the same time, Defendant Lamb also traveled Westbound on Interstate 20 directly beside Mrs. Tucker in a 2015 tractor-trailer owned by his employer, Flexsteel Industries, and bearing Tennessee license plate number P364928.

14. At all times pertinent, the road was dry and there was daylight illuminating the path for both drivers.

15. As Mrs. Tucker proceeded in right lane, remaining visible to Defendant Lamb by virtue of his many mirrors, he decided to drive the tractor trailer into her lane and into her vehicle striking the driver's side of Mrs. Tucker's vehicle, causing significant damage to the vehicle and injuring Mrs. Tucker.

16. Defendant Lamb failed to safely manage the space around his vehicle, failed properly scan the right lane for traffic before moving into it, and further failed to stop and render assistance at the scene after Mrs. Tucker's vehicle finally disengaged from his tractor trailer and came to a stop on the interstate.

17. An independent witness and follow motorist followed Defendant Lamb as he proceeded down the interstate and called Defendant Flexsteel Industries to report the crash. It was following that call that Defendant Lamb drove back to the scene of the crash.

### FOR A FIRST CAUSE OF ACTION
(Defendant Donnell Lamb's Negligence)

18. Mrs. Tucker incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

19. At all times material to this case, Defendant Lamb was a professional driver with a commercial driver's license.

20. At all times material to this case, Defendant Lamb drove a commercial motor vehicle in interstate commerce and was subject to the applicable South Carolina traffic laws and Federal Motor Carrier Safety Regulations.

21. Defendant Lamb owes Mrs. Tucker and others on the public roadways a duty of care and violated that duty of care by his careless, negligent, grossly negligent, reckless, and/or willful acts and/or omissions, all while acting within the course and scope of his agency, service, or employment.

22. Defendant Lamb drove at a speed higher than what was reasonable and prudent under the circumstances then-existing, in violation of S.C. Code Ann. §56-5-1520, constituting negligence *per se*;

23. Defendant Lamb failed to lawfully change lanes, in violation of S.C., Code Ann., §56-5-1900, constituting negligence *per se*;

24. Defendant Lamb failed to stop and render aid by leaving the scene of the collision, in violation of S.C. Code Ann. §56-5-1210 constituting negligence *per se*;

25. Defendant Lamb, while acting as agent and servant of Defendant Flexsteel Industries, violated his duty of care and was careless, negligent, grossly negligent, reckless, willful, and/or wanton at the time and place above mentioned in the following particulars:

    a) In failing to maintain a proper and diligent lookout;

    b) In failing to use his mirrors appropriately;

    c) In failing to safely and reasonably manage the space around his tractor trailer;

    d) In failing to provide himself enough time to change lanes, if his exit was nearby;

    e) In failing to make a reasonably safe lane change;

    f) In leaving the scene of a crash involving injuries;

    g) In being inattentive/allowing himself to become distracted;

    h) In driving too fast for conditions;

    i) In failing to stop and render aid to Mrs. Tucker;

    j) In failing to apply his brakes in time to avoid colliding with Mrs. Tucker's vehicle;

    k) In failing to take evasive action so as to avoid striking Mrs. Tucker's vehicle;

    l) In failing to blow his horn to warn of his presence leading up to the crash;

    m) In failing to maintain safe and proper control over the tractor-trailer he drove;

    n) In failing to safely manage the space around his tractor-trailer;

    o) In operating a motor vehicle in violation of mandatory laws; statutes; and regulations so as to constitute negligence *per se*;

    p) In failing to use that degree of care and caution that a reasonably prudent truck driver would have used under the same or similar circumstances;

    q) In driving his vehicle in utter disregard of the rights and safety of Mrs. Tucker and others lawfully using the public highway at the time and place aforesaid;

    r) In such other particulars as the evidence illuminated by the discovery process and at trial may show.

26. As a direct and proximate result of Defendant Lamb's negligence, Mrs. Tucker suffered serious personal injuries which ultimately resulted in her having shoulder surgery.

27. Defendant Lamb is liable for all damages allowed by law for the injuries, damages and losses sustained by Mrs. Tucker in this case.

## FOR A SECOND CAUSE OF ACTION
### (Defendant Flexsteel Industries, Incorporated d/b/a Flexsteel)

28.     Mrs. Tucker incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

29.     At all times material, Defendant Lamb was an employee or agent of Flexsteel Industries acting within the course and scope of his employment or agency.

30.     Flexsteel Industries is liable for the negligent actions and omissions of Defendant Lamb pursuant to the doctrine of *respondeat superior* and the rules of agency.

31.     As an employer, Flexsteel Industries was also <u>independently</u> negligent in hiring, training, entrusting, supervising, and retaining Defendant Lamb in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent company under the same or similar circumstances.

32.     At all times material, Flexsteel Industries was an interstate carrier of private property passing in and through South Carolina and as such, Flexsteel Industries was at all relevant times subject to the applicable statutes and regulations of the State of South Carolina.

33.     As an interstate carrier, Flexsteel Industries had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Defendant Lamb, the duty to properly train Defendant Lamb, the duty to supervise the hours of service of Defendant Lamb, the duty to properly maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

34.     Flexsteel Industries was also <u>independently</u> negligent failing to meet its duties and responsibilities under the applicable South Carolina statutes, regulations and industry standards.

35. As a direct and proximate result of the negligence of Flexsteel Industries, Mrs. Tucker sustained serious personal injuries which ultimately resulted in shoulder surgery.

36. Flexsteel Industries is liable too for all damages allowed by law for the injuries, damages, and losses sustained by Mrs. Tucker.

37. Defendant Flexsteel Industries independently violated its own duties of care to Mrs. Tucker, and was careless, negligent, grossly negligent, reckless, and/or willful acts and/or omissions in the following ways:

   a) In hiring a driver without the skill, knowledge, training, and/or experience to properly and safely operate the tractor-trailer;

   b) In failing to properly train Defendant Lamb to operate the tractor-trailer that was involved in this wreck;

   c) In failing to properly supervise Defendant Lamb so as to ensure that he could and would safely operate the tractor-trailer on the roadways;

   d) In negligently entrusting the tractor-trailer to the care, control, custody, and use of Defendant Lamb without adequately checking his qualifications to operate this tractor-trailer;

   e) In negligently entrusting the tractor-trailer to the care, control, custody and use of Defendant Lamb without adequately supervising him to ensure that he safely drove and operated the tractor-trailer;

   f) In failing to have in place adequate policies and procedures to mandate compliance by its drivers with State and Federal statutes, laws, and regulations regarding the operations of tractor-trailers or, if such policies and procedures were in place, in failing to enforce them;

   g) In failing to have in place an adequate safety program for the safety and protection of the public lawfully on the roadways;

   h) In failing to exercise the degree of care and caution that a reasonable and prudent entity would have exercised under the same or similar circumstances; and

     i)  In such other particulars that may be discovered and/or shown in the discovery process and/or trial of this case.

All of the above were the direct and proximate cause(s) of the injuries and damages suffered by Mrs. Tucker, said acts being in violation of the Statutory and Common Laws and Regulations of the State of South Carolina.

  38. Each of Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

  39. Accordingly, Defendants are jointly and severally liable to Mrs. Tucker for punitive damages to punish, penalize, and deter Defendants <u>and others</u> from similar conduct in the future.

  40. As a result of both Defendants' acts and/or omissions, Mrs. Tucker suffered physical harm and injury to her right shoulder, back, neck, and to other body parts, which have caused and will in the future cause her to undergo physical pain and suffering, mental anguish, emotional distress, permanent injury, and permanent impairment of health and bodily efficiency. Furthermore, the wreck and Mrs. Tucker's injuries have caused and will in the future cause Mrs. Tucker to have to spend money for medical services, specifically a shoulder replacement;

  41. As a direct and proximate result of the aforementioned careless, negligent, grossly negligent, reckless, willful, and/or wanton acts and/or omissions of these Defendants, both independently and in combination with each other, Mrs. Tucker is informed and believes that she is entitled to judgment in this matter in a sum to be determined by a jury.

  WHEREFORE, Mrs. Tucker prays for judgment against these Defendants for Actual damages, for Punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

McWHIRTER, BELLINGER, & ASSOCIATES, P.A.

By: **s/Melissa G. Mosier**
    Melissa G. Mosier, Esquire (Federal ID#: 11000)
    119 East Main Street
    Lexington, South Carolina 29072
    (803) 359-5523 Phone
    (803) 359-1248 Fax
    melissam@mcwhirterlaw.com
    *Attorney for the Plaintiff*

Lexington, South Carolina
February 25, 2019